| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave.<br>Suite 406<br>Westmont, NJ 08018<br>(215)627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for Bayview Loan Servicing, LLC, a Delaware Limited Liability Company | Order Filed on October 15, 2018<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Zina L. Lewis,<br><br>Debtor. | Case No.:  18-25115 VFP<br>Adv. No.:<br>Hearing Date:  10/04/18 @10:00 a.m.<br>Judge:  Vincent F. Papalia |

# ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: October 15, 2018**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

Page 2
Debtor: Zina L. Lewis
Case No.: 18-25115 VFP
Caption: **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, Bayview Loan Servicing, LLC, a Delaware Limited Liability Company, holder of a mortgage on real property located at 19 Whittier Street, East Orange, NJ, 07018, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Melinda D. Middlebrooks, Esquire, attorney for Debtor, Zina L. Lewis, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtor shall obtain a loan modification by December 3, 2018, or as may be extended by an application to extend or by modified plan; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor is to make adequate protection payments in accordance with the terms of the Loss Mitigation Order while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the trustee is not to pay the arrears while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor does not waive its rights to the pre-petition arrears or any post-petition arrears that may accrue; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that if the loan modification is unsuccessful, Debtor shall modify the plan to address Secured Creditor's pre-petition arrears, either by curing the arrears, selling the property, surrendering the subject property, or in a manner otherwise permitted by the code; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.